IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CLAYTON FENT, <br><br> Plaintiffs, <br><br> vs. <br><br> L-3 COMMUNICATIONS AERO TECH, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 05-CV-0265 CVE-SAJ ) ) ) ) ) ) |

## RAYTHEON COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Raytheon Company ("Raytheon") submits this Memorandum in Support of its Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint of Plaintiff and Relator Clayton Fent ("Fent") against it.

Fent commenced this action against defendants L-3 Communications Aero Tech LLC (f/k/a Raytheon Aerospace LLC, hereafter "the LLC") and Raytheon. As explicitly alleged in Fent's Complaint, at all relevant times Raytheon was merely a 26.5% owner of the LLC and had no role in the actions alleged in the Complaint. In fact, according to the Complaint, the alleged false claims did not commence until at least six months *after* Raytheon divested itself of a controlling share in the LLC. Accordingly, because Raytheon cannot as a matter of law be held liable for any of the claims in the Complaint, it should be dismissed from this action.

## FACTUAL BACKGROUND

Taking the well-pleaded allegations in the Complaint as true for the purposes of this Motion only,[1] beginning in 1997, the LLC contracted with the United States Department of the

---

[1] Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Air Force to "perform modification, maintenance, or repair on various DOD (Department of Defense) weapon systems and support equipment at world-wide locations." Complaint, ¶ 11.

The Complaint alleges (inaccurately) that the LLC was a division of Raytheon but that on June 27, 2001 – months before the alleged false claims – the LLC was divested by parent Raytheon to Veritas Capital.[2] Complaint, ¶ 36. The Complaint alleges that Raytheon then became a minority member, retaining only a 26.5% ownership interest in the LLC.[3] Complaint, ¶ 36.

Thereafter, in 2002, the LLC received a delivery order from the Department of the Air Force (the "Delivery Order") to modify, maintain, and repair army helicopters in support of Operation Iraqi Freedom. Complaint, ¶ 14. Fent relocated to Kuwait to work pursuant to the Delivery Order on March 1, 2003. Complaint, ¶ 15.

The Complaint alleges that over the course of the next two and a half months – until Fent was terminated by the LLC – the LLC fraudulently changed site codes and delivery order codes on *per diem* reimbursement forms under the Delivery Order, in order to receive higher reimbursement rates. Complaint, ¶¶ 25, 33, 34. When Fent told the LLC's Operations Manager that he intended to report the LLC's actions to government authorities, Fent was suspended by the LLC pending termination. Complaint, ¶ 31. Fent alleges that the LLC was manipulating job and site codes in order to obtain funds to which it would not otherwise be entitled, thereby defrauding the government. Complaint, ¶¶ 35, 37-39, 40-44. Fent also alleges that the LLC

---

[2] The actual facts – as opposed to the erroneous allegations in the Complaint – establish that the LLC was not a division of Raytheon but was rather a separate company that was a subsidiary of Raytheon Aircraft Holdings, Inc., which was itself a subsidiary of Raytheon. Hence, at the time of the alleged fraudulent conduct, the named defendant, Raytheon had no direct ownership interest in the LLC at all, not even the 26% inaccurately alleged in the Complaint.

[3] It is alleged that in December 2003, L-3 Communications acquired Vertex Aerospace from Veritas Capital. The entity underwent numerous corporate transformations and name changes until it became the current L-3 Communications Aero Tech LLC. Complaint, ¶ 36.

2

improperly retaliated against Fent and wrongfully terminated his employment.  Complaint, ¶¶ 33, 45-48, 49-51.

Notably absent from the Complaint are any allegations whatsoever of any wrongdoing on the part of Raytheon.  In fact, Raytheon – as apart from the LLC – is mentioned in only three paragraphs of the Complaint.  Paragraph 10 alleges that Raytheon is a corporation organized under Delaware law, has a principal place of business in Massachusetts, and is engaged in business in Oklahoma and elsewhere.  Paragraph 11 discusses the LLC's original contract with the Department of the Air Force, which began in 1997 when the LLC was a division of Raytheon.  Finally, Paragraph 36 states that the LLC was divested by Raytheon to Veritas Capital on June 27, 2001.  Veritas Capital became a 73.5% owner of the LLC, while Raytheon retained 26.5% ownership.  Instructively, Fent asserts no specific substantive allegations against Raytheon – mistakenly attempting to impute liability against Raytheon where none can legally exist.

## ARGUMENT

Fent's Complaint as against Raytheon should be dismissed because he has not stated any claims upon which relief can be granted against Raytheon.  Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  As the Supreme Court has recently recognized, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  Bell Atlantic Corp. v. Twombley, __ U.S. __ (2007), 127 S.Ct. 1955, 1964-1965

(2007).[4]  See also Alvarado v. KOB-TV, LLC, __ F.3d __, 2007 U.S. App. LEXIS 16720, at *7-*8 (10th Cir. 2007).  It is well-settled law that when a complaint, on its face, fails to state a legally cognizable claim on the facts alleged, it is subject to summary dismissal, without the need for further judicial proceedings.  Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996).  Calderon v. Kansas Dep't of Social & Rehabilitation Servs., 181 F.3d 1180, 1183 (10th Cir. 1999).  Dismissal is required where the facts as pled by Fent, if accepted as true and construed in his favor, are insufficient as a matter of law to sustain the proffered claim.  Alvarado, __ F.3d at __, 2007 U.S. LEXIS at *7-8; Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996).

Fent asserts four counts in the Complaint, for Conspiracy to Submit False Claims (Count I), Presentation of False Claims to Government (Count II), Retaliation in Violation of 31 U.S.C. § 3730(h) (Count III), and Wrongful Termination (Count IV).  As discussed below, applying the standards required under Fed. R. Civ. P. 12(b)(6), it is clear that each of these Counts is fatally defective as against Raytheon and should therefore be dismissed against it.

I.  Fent Fails to State Claims Against Raytheon For Violation of the False Claims Act

In Counts I, II, and III, Fent purports to assert claims against Raytheon for violations of Sections 3729 and 3730 of the False Claims Act ("FCA").  In order to state a claim under Section 3729 of the FCA, Fent must allege that Raytheon (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval; (2) knowingly makes, uses or causes to be made or used, a false record

---

[4]  In Bell Atlantic, the Court explicitly overruled the familiar Rule 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), stating that "this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard[.]" Bell Atlantic, 127 S.Ct. at 1969.  Notably, where — as here — there are no facts alleging that Raytheon was involved in any of the allegedly fraudulent conduct whatsoever, the Complaint is subject to dismissal regardless of whether the Bell Atlantic or Conley v. Gibson standard is applied.

or statement to get a false or fraudulent claim paid or approved by the government; or (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid. 31 U.S.C. § 3729(a).  In order to state a retaliation claim under Section 3730(h) of the FCA, Fent must allege that his employment was terminated by the LLC, his employer, because of lawful acts done by Fent in furtherance of a FCA action.  31 U.S.C. § 3720(h).

Dismissal of all three counts is required here, *inter alia*, because Fent does not allege that Raytheon made any false claims to the government, conspired to submit any false claims, or retaliated against Fent in violation of the False Claims Act.  As alleged in the Complaint, by the time the Delivery Order was received by the LLC in 2002, Raytheon had divested its interest in the LLC, maintaining only a 26.5% ownership interest in the LLC.  Complaint, ¶¶ 14, 36.  Fent makes no claims that Raytheon exercised any control over the LLC after the 2001 divestiture.  In addition, Fent's conclusory inclusion of Raytheon – devoid of any facts – within the summary paragraphs in Counts I, II, and III do not save his defective complaint.  See e.g. Complaint, ¶¶ 39, 44, 47.  Accordingly, Fent makes no allegations that Raytheon had any involvement at all in the alleged false claims, conspiracy, or retaliation.

Therefore, even assuming that the Complaint otherwise stated actionable FCA claims – it does not – the Complaint should be dismissed against Raytheon because a corporate defendant cannot be held liable under the FCA solely because of alleged wrongdoing by a related corporation.  See U.S. *ex rel*. Tillson v. Lockheed Martin Energy Sys., Inc., 2004 U.S. Dist. LEXIS 22246, at *107 (W.D. Ky. 2004) (dismissing FCA claims against a parent corporation; holding that a FCA allegation against a subsidiary does not impute liability to the parent corporation without some degree of participation by the parent in the claims process); see also n. 5, *infra*.  In fact, "[o]wnership – *even total ownership* – of a corporation does not by itself

5

impart the corporation's liabilities to the owner, and that rule is not abated simply because the owner happens to be another corporation." U.S. *ex rel*. Kneepkins v. Gambro Healthcare, Inc., 115 F. Supp. 2d 35, 39 (D.Mass. 2000) (granting motion and dismissing FCA claims against a parent corporation) (emphasis added). These principles necessarily apply where Fent affirmatively alleges that Raytheon was a minority member of the LLC at the time of the alleged improper conduct.

The Count III retaliation claim must likewise be dismissed because Section 3730(h) of the FCA imposes liability only on employers, not members. A shareholder cannot, as a matter of law, be held liable for a retaliation action under Section 3730(h). U.S. *ex rel.* Siewick v. Jamieson Science & Eng'g, Inc., 322 F.3d 738, 741 (D.C. Cir. 2003) (dismissing a claim under Section 3730(h) against a majority shareholder because a shareholder is not an "employer" under the FCA or common law). Again, inasmuch as a majority shareholder cannot be liable for a employee retaliation claim, a minority member of the LLC cannot be either.

This settled law requires that the FCA claims in the Complaint be dismissed against Raytheon. The Complaint lacks any allegation that Raytheon itself submitted any false claims, or conspired with the LLC to submit a false claim. The Complaint explicitly alleges that Raytheon divested all but 26.5% of its interest in the LLC, becoming a minority member *prior to* the commencement of the alleged false claims. Complaint, ¶¶ 14, 36. There are no allegations that Raytheon retained any control over the LLC. Because a parent corporation, or even majority shareholder, is generally not liable for a wholly-owned subsidiary's violation of the FCA, it follows that a minority member such as Raytheon cannot be held liable. Accordingly, Counts I,

II, and III do not state a claim for which relief can be granted against Raytheon and should be dismissed.[5]

II.     Fent Fails to State a Claim Against Raytheon For Wrongful Termination

In Count IV, Fent purports to assert a claim for wrongful termination. As with Fent's claims under the FCA, the Complaint contains no allegations that Raytheon participated in his alleged wrongful termination. This makes sense, of course, as the Complaint's allegations establish that Raytheon was not Fent's employer; therefore, Raytheon obviously could not terminate him, whether "wrongfully" or otherwise.

Moreover, Raytheon, as a minority member, cannot be held liable for the LLC's allegedly tortious conduct. A corporation is a distinct legal entity, separate and apart from its shareholders or other legal entities. Gulf Oil Corp. v. State, 360 P.2d 933 (Okla. 1961). Accordingly, a shareholder is generally not liable for the torts of the corporation. Warner v. Hillcrest Medical Center, 914 P.2d 1060, 1067 (Okla. Ct. App. 1995); U.S. v. Bestfoods, 524 U.S. 51, 61-62 (1998).

Here, Fent has not alleged that Raytheon had any role in the alleged wrongful discharge, and Raytheon cannot be held liable for the LLC's wrongful conduct. Accordingly, Count IV for wrongful termination should be dismissed.

---

[5] Although the FCA claims should be dismissed against Raytheon for Fent's failure to allege any fact that would state a claim against Raytheon, it bears noting that the Complaint is also subject to dismissal due, *inter alia*, to Relator's failure to allege with particularity the time, place, and manner of the presentation of the allegedly false claims, as required by Fed. R. Civ. P. 9(b). United States *ex rel.* Sikkenga v. Regence Bluecross Blueshield, 472 F.3d 702, 727-28 (10th Cir. 2006) (affirming dismissal of FCA claims for failure to adequately plead that false claims were submitted under Fed. R. Civ. P. 9(b)). Furthermore, Raytheon hereby incorporates by reference the arguments made by defendant L-3 Communications Aero Tech LLC in its Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof and reserves and does not waive all other grounds for dismissal not addressed by its Motion.

## **CONCLUSION**

Because there are no facts pled that indicate Raytheon committed any independent wrongs and Raytheon cannot be held liable for FCA violations or torts committed by the LLC, no cause of action has been or can be stated against Raytheon in connection with the facts set forth in the Complaint.  Accordingly, Raytheon should be dismissed from this action.

**WHEREFORE**, Raytheon respectfully requests that this Court:

1. Dismiss this action against Raytheon pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice to re-filing; and

2. Grant such other and further relief as the Court deems appropriate.

Dated this 28th day of August, 2007

Respectfully submitted,

s/*M. Richard Mullins*
M. Richard Mullins, OBA #13329
Attorney for Defendant Raytheon Company
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma  73102
Telephone:  (405) 552-2263
Facsimile:  (405) 228-7463
richard.mullins@mcafeetaft.com

OF COUNSEL:

Ivonne Mena King
Foley & Lardner LLP
1530 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 251-1158
Facsimile: (650) 856-3710
iking@foley.com

and

8

>Lawrence M. Kraus
>Claire Bishop Abely
>Foley & Lardner LLP
>111 Huntington Avenue
>Boston, MA 02199
>Telephone: (617) 342-4000
>Facsimile: (617) 342-4001
>lkraus@foley.com
>cabely@foley.com

**CERTIFICATE OF SERVICE**

☑ I hereby certify that on this 28th day of August, 2007, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>S. Douglas Mackay, Esq.
>KUTAK ROCK LLP
>8301 East 21st Street, Suite 370
>Wichita, KS  67206-2935

>W. Jay DeVecchio
>Darren H. Lubetzky
>Melissa A. Meister
>JENNER & BLOCK
>601 13th St NW
>Washington, DC 20005

>D. Richard Funk, Esq.
>CONNER & WINTERS, P.C.
>4000 One Williams Center
>Tulsa, OK  74172-0148

>Phil E. Pinnell
>United States Attorney's Office (Tulsa)
>110 W 7TH ST STE 300
>Tulsa, OK 74119-1013

>s/*M. Richard Mullins*
>M. Richard Mullins