UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. CLAYTON FENT, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 05-CV-0265-CVE-SAJ |
| L-3 COMMUNCATIONS AERO TECH LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Now before the Court is the Motion for Partial Final Judgment of Defendant Raytheon Company and Brief in Support (Dkt. # 72). Defendant Raytheon Company ("Raytheon") asks the Court to enter final judgment on all of plaintiff's claims against it pursuant to Fed. R. Civ. P. 54(b), because plaintiff's claims against Raytheon were dismissed and plaintiff failed to file an amended complaint realleging a claim under the False Claims Act, 31 U.S.C. §§ 3729-3732 ("FCA") against Raytheon.

Plaintiff Clayton Fent, on behalf of the United States of America, filed a qui tam action against L-3 Communications Aero Tech LLC ("L-3) and Raytheon alleging violations of the FCA and Oklahoma law. The complaint contained four claims for relief against both defendants: (1) conspiracy to submit false claims; (2) presentation of false claims to the government; (3) retaliation; (4) and wrongful termination under Oklahoma law.[1] L-3 and Raytheon both filed motions to dismiss plaintiff's claims. The Court granted Raytheon's motion to dismiss in its entirety. Plaintiff's claims

---

[1] The first three claims of the complaint were based on alleged violations of the FCA but the fourth claim, wrongful termination, was based solely on Oklahoma law.

against Raytheon rested solely on the fact that Raytheon owned a minority share of L-3, but his complaint did not include any allegations that Raytheon "had any direct involvement whatsoever in the alleged false claims, conspiracy, or retaliatory discharge." Dkt. 66, at 8. Plaintiff's FCA claims against Raytheon were dismissed without prejudice. The Court granted L-3's motion to dismiss as to all of plaintiff's FCA claims except for his retaliation claim, because plaintiff failed to include sufficient factual allegations supporting his claims. As to Raytheon and L-3, plaintiff's wrongful termination claim under Oklahoma law was dismissed with prejudice, because the existence of an adequate federal statutory remedy precluded plaintiff from bringing a state law claim for wrongful termination.

Even though the Court dismissed all of plaintiff's claims against Raytheon and three of the claims against L-3, the Court granted plaintiff leave to amend his claims under the FCA by filing an amended complaint no later than November 22, 2007. Plaintiff requested an extension of this deadline, and the Court reset the deadline for plaintiff to file an amended complaint to December 21, 2007. However, plaintiff did not file an amended complaint and the only pending claim in this case is plaintiff's retaliation claim against L-3. Plaintiff and L-3 have submitted a joint status report confirming that plaintiff's retaliation claim under the FCA is the sole remaining claim. Dkt. # 73, at 1. The docket sheet notes that Raytheon was terminated as a party on November 8, 2007.

Raytheon asks the Court to enter judgment pursuant to Fed. R. Civ. P. 54(b) even though plaintiff still has a claim pending against L-3. It argues that there is no just reason to delay entry of final judgment as to Raytheon, because all claims against Raytheon have been conclusively resolved. Raytheon is also concerned that it may be subject to "the duties and obligations of parties . . rather

2

than non-parties" if the Court does not enter final judgment on plaintiff's claims against Raytheon. Plaintiff has not responded to Raytheon's motion. Dkt. # 72, at 2-3.

The Federal Rules of Civil Procedure permit a court to enter judgment even if all pending claims have not been adjudicated. Rule 54 provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court should not certify a judgment under Rule 54(b) unless "the claims resolved are distinct and separable from the claims left unresolved." Old Republic Inc. Co. v. Durango Air Serv., Inc., 283 F.3d 1222, 1225 (10th Cir. 2002) (quoting Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001)). In order to certify a judgment under Rule 54(b), a district court must make two express findings: (1) the district court must determine the judgment is final; and (2) there is no just reason to delay entry of judgment. Stockman's Water Co., LLC v. Vaca Partners, LP, 425 F.3d 1263, 1265 (10th Cir. 2005).

The first element, entry of final judgment in favor of Raytheon, is satisfied. The Court's opinion and order dismissing all claims against Raytheon, coupled with plaintiff's failure to file an amended complaint, serves as a final disposition of plaintiff's claims against Raytheon. However, the Court finds that just reason exists to delay the entry of final judgment as to Raytheon. The purpose of certifying a judgment under Rule 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final

adjudication of the entire case by making an immediate appeal available." Oklahoma Turnpike Auth., 259 F.3d at 1241. Although Raytheon has not addressed the possibility of an interlocutory appeal, the Court must consider this issue when ruling on Raytheon's motion. Contrary to Raytheon's suggestion, Rule 54(b) was not enacted to protect a party from further participation in a case but, instead, it was intended to promote judicial efficiency. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956) (Rule 54(b) was intended to reduce the number of appeals in civil cases and preserve "the historic federal policy against piecemeal appeals"). The district court must act as a "dispatcher" under Rule 54(b) by balancing the interests of judicial efficiency against the inequity of delaying an appeal. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

The Court finds that the interest of judicial efficiency will not be served by entering final judgment in favor of Raytheon at this time. If the Court were to certify a judgment under Rule 54(b), there is a substantial probability that multiple and overlapping appeals of the same issues will be required for plaintiff to preserve his appellate rights. See Jordan v. Pugh, 425 F.3d 820, 826-27 (10th Cir. 2005) (certification not appropriate under Rule 54(b) when entry of partial judgment may lead to a subsequent appeal that "will require the court of appeals to revisit the same issues decided in the first appeal"). A review of the Court's opinions and orders dismissing most of plaintiff's claims shows that Count IV was dismissed for the same legal reason as to Raytheon and L-3.[2] Dkt. # 66, at 8 ("Count IV is likewise dismissed, but with prejudice, for the reasons set forth in the Court's previous Opinion and Order dismissing Count IV as to defendant L-3."). Certification of

---

[2]  The Court dismissed Counts I, II and III against Raytheon because Raytheon could not be held liable for the acts of its subsidiary. Dkt. # 66, at 7-8. This is distinct from the legal basis for the Court's dismissal of Counts I and II against L-3. See Dkt. # 65 (dismissing Counts I and II against L-3 due to plaintiff's failure to allege sufficient facts in support of those claims).

the Court's dismissal as a final judgment would require plaintiff to appeal the same claim for the same reasons in two separate appeals. This is clearly not in the interests of judicial efficiency and mitigates against certification under Rule 54(b).

Raytheon's concern that it will be required to participate in discovery is unfounded, and this does not support Raytheon's motion for entry of judgment. When the Court granted Raytheon's motion to dismiss, it also terminated Raytheon as a party. Dkt. # 66, at 8. Although the Court granted plaintiff leave to amend his FCA claims against Raytheon, he has not done so and the docket sheet shows that Raytheon was terminated as a party on November 8, 2007. As plaintiff has waived the opportunity to amend his claims against Raytheon, there is no danger that Raytheon will be required to participate in further discovery.[3] The Court has formally terminated Raytheon as a party and this will adequately protect Raytheon from the "expense and distraction" of participating in discovery. Dkt. # 72, at 3. However, Raytheon's speculation that it may be required to participate in discovery does not provide just reason for the Court to certify judgment under Rule 54(b) and its motion for entry of partial judgment should be denied.

---

[3] In its motion for entry of judgment, Raytheon argues that Court's opinion and order dismissing Raytheon from the case "constitutes a final order" and it notes that the remaining claims do "not involve any facts related to Raytheon." Dkt. # 72, at 2. If this is case, there appears to be little danger that plaintiff will have any interest in obtaining discovery from Raytheon. Of course, plaintiff may attempt to obtain information from Raytheon in the same manner that plaintiff may seek information from other non-parties, and the entry of a Rule 54(b) judgment will not provide Raytheon any additional protection.

**IT IS THEREFORE ORDERED** that the Motion for Partial Final Judgment of Defendant Raytheon Company and Brief in Support (Dkt. # 72) is **denied**.

**DATED** this 12th day of March, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT